```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

MIAKEL GUERRA MORALES,

     Petitioner,

v.                                            Case No. 2:26-cv-133-JES-DNF

KELEI WALKER, in her official capacity as Acting Field Office Director, Miami Field Office, KEVIN GUTHRIE, in his official capacity as Executive Director of the Florida Field Management Division, TODD LYONS, in his official capacity as Acting Director, Immigration and Customs Enforcement, and KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security,

     Respondents.
_____/

## ORDER

Petitioner Miakel Guerra Morales has filed an emergency motion for temporary restraining order and preliminary injunction. (Doc. 2). Petitioner asks the court to enjoin Respondents from moving him from the Middle District of Florida until such time that the Court resolves his pending writ of habeas corpus. (Id.) He asserts that, "[w]ithout issuance of a temporary restraining order, [he] faces imminent removal from the jurisdiction which will have the effect of rendering his writ of habeas moot and

thereby denying him the opportunity to seek judicial review." (Id. at 3).

Petitioner's fear is logical, but rests upon a misunderstanding of habeas jurisdiction. "[J]urisdiction attaches upon the initial filing of the §2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian." Villa v. Normand, No. 5:25-CV-89, 2025 WL 3113200, at *4 (S.D. Ga. Oct. 16, 2025); Mujahid v. Daniels, 413 F.3d 991, 994 (9th Cir. 2005) ("If a § 2241 petition must be transferred every time the petitioner is transferred, it is doubtful that the case would ever be decided."). In short, Petitioner's transfer outside of the Middle District of Florida would not render his petition moot. So an order enjoining Petitioner's transfer is superfluous. We do not issue injunctions to prevent harms that legally cannot happen. Cf. Santillanes v. U.S. Parole Comm'n, 754 F.2d 887, 888 (10th Cir. 1985).[1]

---

[1] To the extent Petitioner seeks to pause his removal from the United States, the Court lacks jurisdiction to enter such an order. See Camarena v. Dir., Immigr. & Customs Enf't, 988 F.3d 1268, 1271 (11th Cir. 2021). While this Court may have jurisdiction to hear Petitioner's underlying constitutional challenges to his detention, it lacks the power to enter an emergency order blocking the execution of his removal. See, e.g., Edwin M.-N. v. Green, No. CV 19-6096 (KM), 2019 WL 13299141, at *2 (D.N.J. Feb. 19, 2019) ("Courts across the country have thus found that they are barred from staying removal, even when the court might otherwise have jurisdiction over the [underlying] claims presented.").

Accordingly, Petitioner's emergency motion for temporary restraining order (Doc. 2) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on January 27, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE